JOSEPH POLLOCK, RECEIVER, ETC., *v.* W. F. HARDING, ETC.

**Sheriff and Constables—Default on County Dues Collected—County Proper Party to Sue.**

> Where a sheriff fails to pay over taxes collected for a county to the proper custodian, the county is the proper party to institute proceedings therefor, and not the custodian of the county funds.

APPEAL FROM GREENUP CIRCUIT COURT.

January 25, 1872.

OPINION BY JUDGE PETERS:

By an act approved March 1867, entitled an act for the benefit of negroes and mullatoes of this commonwealth, Sess., Acts 1867, page 94, it is provided that the capitation and other taxes collected from negroes and mullatoes shall be set apart and constitute a separate fund for the support of their paupers and the education of their children.

Under this enactment a capitation tax and taxes on the taxable property of the negroes and mullatoes of Greenup county were levied in 1868 amounting to $112.61, which were collected by the sheriff of said county and, failing to pay it over to appellant, the receiver appointed by the county court under the act supra, there being no treasurer for that county, he brought this action in his own name as receiver against the sheriff and his sureties on his bond. The sheriff made no denfense and judgment went against him by default, but his sureties controverting in their answer their liability on final hearing the petition as to them, was dismissed and the receiver Pollock has appealed.

The sheriff and his sureties are liable on their bond for this tax, as much so as for other county levies and taxes, they were assessed and made collectable as other county dues. But as the statute under which the assessments were made fails to prescribe the mode and declare in whose name the action must·

be brought against the defaulting sheriff, the remedy must be in conformity to the general law on the subject.

By the last paragraph of Sec. 6, Art. 2, Chap. 26, R. S., 2 vol., p. 299, the county court is authorized to prosecute an action or motion on the bond if the sheriff or collector of the county dues, etc. The appellant had no interest in the money sued for, being the mere custodian of the funds, subject to the control of the county court, and the action should have been in the name of the county court.

The answer presented no defense to the action but as it was improperly brought it was not error in the court below to dismiss the petition as to appellees, as that dismissal will not bar an action in the name of the county court for the amount collected.

Wherefore the judgment is *affirmed*.

*W. J. Sands, for appellants.*

*Dulin, for appellees.*